UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMA CORDULE, *et al.*,

Plaintiffs,

v.

COMMUNICATIONS UNLIMITED, INC., *et al.*,

Defendants.

Case No. 2:26-cv-3297-TLN-JDP (PS)

ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF ALABAMA

Plaintiffs, Ochekuwu Caudle and Emma Cordule, proceeding without counsel, have filed this civil action against Communications Unlimited, Inc., CU Employer Inc., Communications Unlimited Contracting Services, Inc., Google LLC, Alphabet Inc., Google Fiber Inc., Director, Huntsville Housing Authority, and Heinen Medical Corporation.

Plaintiff Caudle appears to be searching for a venue that will accept his filings, since the Northern District of Alabama—where this action should have been filed—has deemed Caudle to be a "serial litigator and adjudicated vexatious litigant." *See Caudle v. United States of America*, Case No. 5:26-cv-0607-LCB, ECF No. 2 at 1 (N.D. Ala. Apr. 9, 2026); *see also Caudle v. Brookside Properties, Inc.*, Case No. 26-4751, ECF No. 11 at 1 (E.D. Penn. July 8, 2026) (finding that the complaint did not contain any connection to Pennsylvania and transferring the action to the Northern District of Alabama). Nothing in the complaint demonstrates any connection to the

Eastern District of California.[1] *See generally* ECF No. 1.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

When a defendant has not appeared and has not waived a challenge to venue, the court may raise the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.*, citing 28 U.S.C. § 1406(a). A court may also sua sponte transfer venue under section 1404(a). *See Washington Pub. Utilities Grp. V. U.S. Dist. Ct. for W. Dist. of Washington*, 843 F.2d 319, 326 (9th Cir. 1987) ("[S]ection 1404(a) does not expressly require that a formal motion be made before the court can decide that a change of venue is appropriate.").

In this case, plaintiff appears to reside in Madison, Alabama, which is in the Northern District of Alabama, and none of the defendants reside in the Eastern District of California.[2] ECF No. 1 at 3-4; *see* 28 U.S.C. § 84(c). Thus, this action should have been filed in the United States District Court for the Northern District of Alabama. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a);

---

[1] Plaintiffs attach a summons directed at defendant Google Fiber Inc. with an address in Sacramento; however, that address is not for Google Fiber Inc., and is instead an address of a process server. ECF No. 1-4 at 11. Nothing else in the complaint references or contemplates any action occurring in the Eastern District of California.

[2] Plaintiff Caudle lists his address at 1435 Balch Road Madison, Alabama on each USM-285 form, ECF No. 1-3 at 1-10, and each summons, ECF No. 1-4 at 1-19. However, on his filings and his civil cover sheet, plaintiff lists his address as 3900 Crown Rd SW, #16709 Atlanta, Georgia. ECF No. 1-1 at 1; ECF No. 1-2. Given that plaintiffs seek "relief available under applicable Alabama law," the court considers Alabama, rather than Georgia, to be the place best suited to adjudicate this action. ECF No. 1 at 14.

*Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, it is hereby ORDERED that this matter is transferred to the United States District Court for the Northern District of Alabama.

IT IS SO ORDERED.

Dated: September 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE